**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM,                          ) CRIMINAL CASE NO. CF0458-09
                                         )
        Plaintiff,                     )
                                         )
                                         )
                                         )
                                         )
vs.                                      ) **DECISION AND ORDER**
                                         ) **(Motion to Dismiss)**
                                         )
                                         )
ROLAND SALAS QUINATA,                    )
                                         )
        Defendant.                     )
                                         )
                                         )
_____ )

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on November 27, 2009, for a motion hearing on Roland Salas Quinata's ("Defendant") Motion to Dismiss. Alternate Public Defender Stephen P. Hattori represented Defendant. Assistant Attorney General Shane Black represented the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

## BACKGROUND

On November 19, 2009, Defendant filed a Motion to Dismiss. In his motion, Defendant asked the Court to dismiss this case because his Sixth Amendment right to a speedy trial is violated. Defendant more particularly states that, if the a defendant is in custody, 8 G.C.A. §

80.60(a)(2) gives 45 days from the arraignment to bring the case to trial. Defendant argued that the 45 days have been exhausted, and therefore, this matter must be dismissed. On November 25, 2009, Defendant filed a Supplemental Motion to Dismiss. Defendant argued that court congestion was not "good cause" under 8 G.C.A. § 80.60(b)(3).

On November 27, 2009, the People filed an Opposition to Defendant's Motion to Dismiss. The People argued that the Court being occupied in three asserted matters is good cause under 8 G.C.A. § 80.60(b)(3). The People also argued that the Court informed Defendant on two separate occasions, and more importantly, the Defendant failed to make any objections. The Court now addresses Defendant's Motion to Dismiss.

## DISCUSSION

### I. Motion to Dismiss

Defendant argued that his right to speedy trial was violated by the delay in bring the matter to trial. Defendant's Motion to Dismiss at 1 (November 19, 2009). Defendant argued that he should have been afforded a trial within 45 days after his arraignment. 8 G.C.A. § 80.60(a)(2). Defendant also argued that there was no "good cause" in delaying his right to a speedy trial. 8 G.C.A. § 80.60(b)(3).

The Sixth Amendment requires that "the accused shall enjoy the right to a speedy and public trial. United States Constitution Amendment VI. The Court must decide whether the Sixth Amendment right to a speedy trial has been violated. The Court must consider: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) whether or not prejudice resulted from the delay. People v. Stephen, 2009 Guam 8, ¶ 14 (citing People v. Mendiola, 1999 Guam 8, ¶ 10).

### a. Assertion of the Right to a Speedy Trial

The Defendant was arraigned and asserted his right to a speedy trial on September 23, 2009. Therefore, under 8 G.C.A. § 60(a)(2), Defendant's trial would have to commence before November 6, 2009. On September 25, 2009, the Court set this matter for trial on November 5, 2009. Criminal Trial Scheduling Order (September 25, 2009). The Court finds that Defendant asserted his right to speedy trial in September 23, 3009.

### b. The Length of Delay

On November 3, 2009, the Court advised both the People and Defendant that trial in this matter would have to toll another asserted matter before the Court at that time. Continued Pretrial Hearing at 10:28 a.m. (November 3, 2009). While it has been recognized that a continuance which is apparently entered on the trial court's own motion may not be chargeable to defendant, it is incumbent upon the defendant or his counsel to object to the continuance. People v. Hickman, 56 Ill.2d 175, 179, 306 N.E.2d 32, 35 (Ill. 1973).

In Walker v. Commonwealth, the judge indicated that the case was continued without objection by the Commonwealth or defendant but the record was otherwise silent on the issue, the Walker court found the record insufficient to support a finding that the defendant concurred in the granting of the continuance. 225 Va. 5, 11 (Va. 1983). But in the instant case Defendant's attorney did not raise any objection to continuing Defendant's trial due to the court being occupied in another asserted criminal trial – People of Guam v. Songeni, CF246-08. Continued Pretrial Hearing at 10:28 a.m. (November 3, 2009). Defendant raised no objections to the continuance; therefore, Defendant agreed to the continuance. Id. The Court at that point determines Defendant's 45-day clock stopped when Defendant's counsel agreed to continue trial.

The Court articulated that Defendant's trial would trail the asserted criminal trial of CF246-08. Id. The Court on that date vacated the trial scheduled on November 5, 2009. Id. The Court informed the parties that when the trial in CF246-08 is concluded the Court would hold a continued pretrial conference to determine when Defendant's trial will be scheduled. Id. The Court also articulated that it was not the Court's intention to delay Defendant's trial in "any shape or form." Id. at 10:36 a.m. The Court advised Defendant that he would be notified as soon as possible regarding his trial date. Id. Again, there was no objection by Defendant. Continued Pretrial Hearing at 10:28 a.m. (November 3, 2009). Therefore, two days remained before Defendant's 45 days expired, if Defendant decided to assert or object to a continuance.

On November 13, 2009, the Court again informed the people and Defendant that the Court was still occupied in trial with CF246-08, and again, Defendant did not raise any objection to the continuance. Further Proceedings at 10:27 a.m. (November 13, 2009). The Court also set a trial date for Defendant on December 22, 2009, and a scheduled a pretrial conference and a hearing on all motions on December 14, 2009. Id. Defendant's 45-day clock continued to stopped when Defendant's counsel agreed to continue trial. Therefore, two days continued to remain before Defendant's 45 days expired, if defendant decided to assert or object to a continuance.

On November 19, 2009, Defendant filed this Motion to Dismiss. At the time this motion to dismiss was filed, Defendant had two days remaining before his 45 days expired. In Carver v. Super Ct. (People), the Supreme Court of Guam held that there was good cause for the delay of petitioner's trial because a non-frivolous motion was pending and that petitioner's statutory right to a speedy trial was not violated. 1998 Guam 23, ¶ 16. The Court finds Defendant's motion to dismiss is non-frivolous. On November 27, 2009, the Court heard Defendant's motion

to dismiss – eight days after Defendant's motion was filed – and took the matter under advisement. The Court informed Defendant that Defendant's assertion time tolled as a result of Defendant's Motion. Motion Hearing at 11:00 a.m. (November 27, 2009). The Court used due diligence in researching and issuing its decision and order on Defendant's Motion to Dismiss. Therefore, two days continue to remain before Defendant's 45 days expire.

On the same November 27, 2009 motion hearing, the Court also entertained Defendant's Motion for Bail. The Court granted the motion, and Defendant was released to a third-party custodian. Defendant at that time executed a waiver of speedy trial. Waiver of Speedy Trial (November 27, 2009).

On December 11, 2009, Defendant asserted his right to a speedy trial. Assertion of Speedy Trial (December 11, 2009). Since Defendant's assertion time tolled as a result of Defendant's Motion to Dismiss. The Court finds that Defendant's right to a speedy trial has not been violated. As of December 22, 2009, Defendant has 2 days left before his 45 days expires, due to tolling caused by Defendant since the Motion to Dismiss was filed on November 19, 2009. Therefore, the Court will deny Defendant's Motion to Dismiss.

**c. The Reason for Delay**

Although the Court determined that Defendant's statutory period of 45 days was not exceeded, the Court will still discuss the reason for a delay. Assuming arguendo there was a delay that exceeded the statutory 45-day period after Defendant's arraignment, the Court still finds that it had good cause for any delay. Guam law codified the Sixth Amendment by requiring that a criminal case be dismissed unless good cause for delay is shown. 8 G.C.A. § 80.60 provides for when a criminal case is to be dismissed for reasons of time. The court shall dismiss a criminal action if the trial of a defendant, who is in custody at the time of his

arraignment, has not commenced within 45 days after his arraignment. 8 G.C.A. § 80.60(a)(2). But a criminal action shall not be dismissed if good cause is shown for the failure to commence the trial within the prescribed period. 8 G.C.A. § 80.60(b)(3).

Guam Law also provides that a criminal action shall not be dismissed if good cause is shown for the failure to commence within the 45 days after his arraignment. 8 G.C.A. § 80.60(b)(3). It is within the discretion of the Superior Court of Guam to prepare its trial calendar; although, a defendant's right to a speedy trial should not be unreasonably delayed to accommodate an individual judge's calendar. People of Guam Territory of Guam v. Okada, 1980 WL 18235, *2 (D.Guam App. Div. 1980). The determination of good cause for the delay of a criminal trial is a matter within the discretion of the trial court. Carver v. Superior Court of Guam, 1998 Guam 23, ¶ 11 (citing People v. Ibanez, 1992 WL 97221, 2 (D.Guam App. Div.1992). Good cause is established by a clear showing that the delay was the result of defendant's own acts. The Court finds that there exists "good cause" required by 8 G.C.A. § 80.60(b)(3) for failing to commence Defendant's trial within the 45 days after his arraignment.

It has been held that when a trial docket is filled and no available trial dates exist until after the required statutory time after the arraignment, this is sufficient cause for delay. Sate v. Dunn, 70 Wash.2d 572, 576, 424 P.2d 897, 899 (Wash. 1969). A trial court may take judicial notice of the conditions of its trial calendar. Id. at 576, 900 (citing State v. Gilcrease, 63 Wash.2d 731, 388 P.2d 962 (Wash. 1964)).

The Court determines that the Court was occupied in the asserted trial in People of Guam v. Songeni, CF246-08[1] – which commenced on November 3, 2009 and did not conclude until December 10, 2009 – was good cause for the delay in Defendant's trial not commencing

---

[1] Mr. Songeni asserted his right to a speedy trial on September 22, 2008 – before Defendant's assertion of September 23, 2009. On November 3, 2009, jury selection commenced for CF246-08.

within 45 days after his arraignment. On November 3, 2009, the Court advised both the People and Defendant that trial in this matter would have to toll another asserted matter before the Court at that time Defendant raised no objects to the continuance. Continued Pretrial Hearing at 10:28 a.m. (November 3, 2009). The Court articulated that Defendant's trial would trail the asserted criminal trial of CF246-08. Id. The Court, on that date, vacated the trial scheduled on November 5, 2009. Id. The Court informed the parties that when the trial in CF246-08 concluded the Court would hold a continued pretrial conference to determine when Defendant's trial will be scheduled. Id. The Court also articulated that it was not the Court's intention to delay Defendant's trial in "any shape or form." Id. at 10:36 a.m. The Court advised Defendant that he would be notified as soon as possible regarding his trial date. Id.

On November 13, 2009, the Court again informed the people and Defendant that the Court was still occupied in trial with CF246-08, and again, Defendant did not raise any objection the continuance. Further Proceedings at 10:27 a.m. (November 13, 2009). The Court also set a trial date for Defendant on December 22, 2009, and a scheduled a pretrial conference and a hearing on all motions on December 14, 2009. Id. The Court determines – if there was a delay of the statutory 45-day period - that there was good cause for the delay. Therefore, the Court will deny Defendant's Motion to Dismiss.

**d. Whether or not Defendant was Prejudice by the Delay**

Finally, the Court must look at whether Defendant was prejudiced by the delay. Sometimes, the delay itself can be long enough to be "presumptively prejudicial." Doggett v. United States, 505 U.S. 647, 651-652 (1992). The United States Supreme Court noted "courts

have generally fund post accusation delay 'presumptively prejudicial' at least as it approaches one year." Doggett, 505 U.S. at 652 n. 1.

However, in this case, the Court found no delay between the arraignment and the December 22, 2009. Even if there is a delay, the delay in this case is far less than other delays found to be constitutional. See United States v. Dirden, 38 F.3d 1131, 1138 (10th Cir. 1994) (seven and one half months between arraignment and trial not presumptively prejudicial under a speedy trial analysis). In fact, the Court determined that Defendant has 2 day left before his statutory period expired. Lastly, Defendant has not demonstrated how he was prejudiced by the alleged delay. Therefore, the Court will deny Defendant's Motion to Dismiss.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defedant's Motion to Dismiss.

**SO ORDERED** this _22_ day of _Dec._, 2009.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Hagatna, Guam
DEC 2 2 2009
_____20____
_Enrique F. Aflague, Jr._
Deputy Clerk, Superior Court of Guam